UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MARIA MAGDALENA ALMONTE,

                Petitioner,

      -against-

UNITED STATES OF AMERICA,

                Respondent.

----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 17, 2020

18-CV-9390 (KMW)

16-CR-670 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Petitioner Maria Magdalena Almonte pleaded guilty to using a telephone and the Internet to promote a criminal business that engaged in sex trafficking and prostitution. Petitioner, proceeding *pro se*, now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, based on her counsel's allegedly ineffective assistance and the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Because Petitioner's counsel's performance was objectively reasonable, and because *Dimaya* is inapplicable to Petitioner's sentence and conviction, the petition is DISMISSED.

## BACKGROUND

      On October 6, 2016, a grand jury in this District indicted Petitioner on one count of using interstate commerce to promote unlawful activity, in violation of 18 U.S.C. §§ 1952(a)(3) and 2. Specifically, Petitioner was charged with using a cellular telephone and the Internet to promote a criminal business that engaged in sex trafficking and prostitution. Petitioner pleaded guilty on August 7, 2017, pursuant to a plea agreement. In the plea agreement, Petitioner retained her right to challenge her sentence or conviction on the ground of ineffective assistance of counsel,

but otherwise waived her right to file a direct appeal or collateral challenge.  (Plea Agreement at 5, ECF No. 5 Ex. A.[1])  The parties stipulated to a Guidelines calculation that yielded a range of 60 months' imprisonment.  (*Id.* at 3.)  On March 26, 2018, this Court sentenced Petitioner to a term of 60 months' imprisonment.  (Criminal ECF No. 187.)

On October 15, 2018, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255.  (ECF No. 1.)  The Government filed a letter brief in opposition to the petition on December 14, 2018.  (ECF No. 5.)  Petitioner did not file a reply brief.

## LEGAL STANDARDS

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'"  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

A court must grant a petition under 28 U.S.C. § 2255 if the petitioner establishes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Relief is available under § 2255 "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

The court must hold an evidentiary hearing on a § 2255 petition "[u]nless the motion and

---

[1] All citations to Petitioner's electronic docket refer to Petitioner's civil docket unless otherwise specified.

the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "It is within the district court's discretion to determine whether a hearing is warranted." *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003).

In order to obtain relief on the basis of counsel's ineffective assistance, a defendant must show that (1) counsel's performance was objectively unreasonable, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). In evaluating the first prong of the *Strickland* test, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In evaluating the second prong, a "reasonable probability" that counsel's errors were prejudicial is a "probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**DISCUSSION**

Petitioner contends that her counsel should have argued that the Court's application of 18 U.S.C. § 25 to her sentence was unconstitutional under *Dimaya*. Section 25 provides enhanced penalties for defendants who "intentionally use[] a minor to commit a crime of violence." 18 U.S.C. § 25(a)(1). In *Dimaya*, the Supreme Court held that the residual clause of the federal definition of "crime of violence" is unconstitutionally vague. *See* 138 S. Ct. at 1223. *Dimaya* was decided on April 17, 2018, shortly after Petitioner was sentenced. Lawyers are not required to foresee changes in the law; thus, the failure of Petitioner's counsel to cite *Dimaya* at sentencing was not unreasonable. *See Weingarten v. United States*, 865 F.3d 48, 53 (2d Cir. 2017). Even if *Dimaya* had been binding precedent at the time of Petitioner's sentencing, Petitioner's proposed *Dimaya*-based argument is meritless. The Court did not apply Section 25 to Petitioner's sentence. Petitioner was not charged with committing any crime of violence, let

alone with using a minor to commit a crime of violence. Thus, *Dimaya* is irrelevant to Petitioner's sentence.

Next, Petitioner argues that her counsel should have sought a role reduction under the Sentencing Guidelines. The Sentencing Guidelines provide for a two-point reduction in a defendant's offense level "[i]f the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). Here, the parties stipulated to a Guidelines calculation that did not include a role reduction, and agreed that "neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth [in the plea agreement]." (Plea Agreement at 3–4.) It was not unreasonable for Petitioner's counsel to decline to advance an argument that was plainly foreclosed by the terms of Petitioner's plea agreement.

Lastly, Petitioner argues that, following *Dimaya*, she is no longer subject to deportation. The relief Petitioner seeks is beyond the jurisdictional scope of 28 U.S.C. § 2255, which grants courts jurisdiction only to "vacate, set aside, or correct" a petitioner's sentence. To the extent Petitioner seeks to challenge an order of removal, she must do so in the Court of Appeals, not in this Court. 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . ."); *see Delgado v. Quarantillo*, 643 F.3d 52, 54–55 (2d Cir. 2011) (district court lacks jurisdiction to entertain direct or indirect challenges to orders of removal).

## CONCLUSION

For the foregoing reasons, the § 2255 petition is DISMISSED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: New York, New York
       August 17, 2020                                   /s/ Kimba M. Wood
                                                              KIMBA M. WOOD
                                           United States District Judge